PREVIN A. WICK (State Bar No. 216167)
PrevinEsq@gmail.com
WICK LEGAL GROUP
900 N. Broadway #218
Los Angeles, CA 90012
Telephone: (213) 265-7996
Facsimile: (248) 353-4840

Of Counsel to:
CREDIT REPAIR LAWYERS OF AMERICA
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

Attorneys for Plaintiff,
MISAEL TORRES, JR.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| MISAEL TORRES, JR., <br><br> Plaintiff, <br><br> vs. <br><br> EQUIFAX INFORMATION SERVICES, LLC, a foreign limited liability company; and CARMAX BUSINESS SERVICES, LLC dba CARMAX AUTO FINANCE, a foreign limited liability company, <br><br> Defendants. | Case No: 5:19-cv-1057 <br><br> **COMPLAINT AND JURY DEMAND** |

NOW COMES THE PLAINTIFF, MISAEL TORRES, JR., BY AND THROUGH COUNSEL, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

///

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Bloomington, San Bernardino County, California.

4. Venue is proper in the Central District of California, Eastern Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Bloomington, San Bernardino County, California.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that conducts business in the State of California; and

   b. Carmax Business Services, LLC dba Carmax Auto Finance ("Carmax") is a foreign limited liability company that conducts business in the State of California.

## GENERAL ALLEGATIONS

7. Carmax is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous monthly payment amount of $619.00 on Plaintiff's Equifax credit disclosure.

8. The account reflected by the Errant Tradeline is paid and closed with a zero balance. Plaintiff no longer has an obligation to make monthly payments to Carmax.

9. The Errant Tradeline should be reported with the monthly payment amount of $0.00.

10. On February 16, 2019, Plaintiff obtained his Equifax credit disclosure and noticed the Errant Tradeline inaccurately reporting with an erroneous monthly payment amount of $619.00.

11. On or about March 22, 2019, Plaintiff submitted a letter to Equifax, disputing the Errant Tradeline.

12. In his dispute letter, Plaintiff explained that the account reflected by the Errant Tradeline is paid and closed with a zero balance. He no longer has an obligation to make monthly payments to Carmax. Plaintiff asked Equifax to report the Errant Tradeline with the monthly payment amount of $0.00.

13. Equifax forwarded Plaintiff's consumer dispute to Carmax.

14. Carmax received Plaintiff's consumer dispute from Equifax.

15. Carmax did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

16. In response to Plaintiff's dispute, Carmax verified to Equifax that its reporting of its Errant Tradeline was accurate.

17. On or about April 20, 2019, Plaintiff received Equifax's investigation results, which showed that Equifax and Carmax failed or refused to report the Errant Tradeline with the monthly payment amount of $0.00.

18. On April 29, 2019, Plaintiff obtained his Equifax credit disclosure, which showed that Equifax and Carmax continued to report the Errant Tradeline with an erroneous monthly payment amount of $619.00.

19. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CARMAX

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Equifax of Plaintiff's consumer dispute of the monthly payment amount, Carmax negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

22. Carmax negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to report the Errant Tradeline with the monthly payment amount of $0.00.

23. The Errant Tradeline is inaccurate and creating a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

24. As a direct and proximate cause of Carmax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Carmax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

26. Plaintiff has a private right of action to assert claims against Carmax arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Carmax for damages, costs, interest, and attorneys' fees.

## SECOND CAUSE OF ACTION

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CARMAX

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, Carmax willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

29. Carmax willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

30. As a direct and proximate cause of Carmax's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

31. Carmax is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Carmax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## THIRD CAUSE OF ACTION

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise produced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

34. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

35. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

36. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

38. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## FOURTH CAUSE OF ACTION

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

## BY EQUIFAX

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise produced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

41. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

42. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

43. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: June 8, 2019

By: /s/ Previn A. Wick
Previn A. Wick
Attorneys for Plaintiff,
MISAEL TORRES, JR.